Cite as 2022 Ark. 186

# SUPREME COURT OF ARKANSAS

**Opinion Delivered** October 6, 2022

IN RE: BOARD OF CERTIFIED
COURT REPORTER EXAMINERS

**PER CURIAM**

The Board of Certified Court Reporter Examiners [the Board] has submitted a proposed change to the Regulations of the Board of Certified Court Reporter Examiners. Specifically, the Board requests that we revise portions of the Regulations that relate to admission by national certification. We have reviewed the Board's proposal and we adopt the revised Regulation. The revisions, which are set out in "line-in, line-out" fashion below (new material is underlined; deleted material is lined through), are effective immediately.

**Section 26. Examiners Admission By National Certification.**

A court reporter, who has successfully completed a national certification exam, received the accompanying certification, and remains in good standing with the national certification, may petition the Board for certification. As used in this Section, "national certification exam" means an exam given by The National Court Reporters Association and/or the National Verbatim Reporters Association. As used in this Section, "the

accompanying certification" is limited to a registered professional reporter certificate (RPR) or a certified verbatim reporter certificate (CVR).

Applicants for this alternative certification must file a written application in the form prescribed by the Court, together with documentation establishing the successful completion of the national certification and an application fee as set forth in Section 3 of these Regulations, with the Clerk of the Supreme Court. Applicants and/or applications shall be screened by the Board based upon the criteria outlined in Section 5 of the Rule Providing for Certification of Court Reporters, and those deemed eligible for certification shall be promptly notified.

Prior to receiving the certification from the Board, the applicant must participate in an orientation session at a time and place set by the Board. Certification shall be issued solely in the method by which the applicant is nationally certified.

Upon receiving certification from the Board, the court reporter shall be subject to all applicable Rules and Regulations promulgated by the Board and/or the Supreme Court including but not limited to: Section 13 regarding continuing education requirements, Section 8 regarding payment of certification renewal fees, Section 19, Section 22, applicable records retention policies, and applicable transcript preparation regulations.

A court reporter, who receives certification pursuant to this provision, must provide yearly documentation that his/her national certification remains in good standing.  The

documentation shall be sent to the Executive Secretary of the Board on or before January 1 of each year.

If appropriate documentation is not received by January 1, the Executive Secretary shall cause notice to be sent to each reporter in violation of this provision. Notice shall be sent via electronic mail and United States Postal Service regular mail to the reporter at the email address and postal address of record for the reporter currently on file with the Board. The notice shall inform the reporters in violation that their certificate shall be suspended on a date not to exceed 21 calendar days from the delivery date of the notice unless proof of good standing is received by the Executive Secretary within the 21 calendar days. If the requested documentation is not received within the 21 calendar days, the certificate shall be suspended but may be reinstated during the remainder of the calendar year in which the certificate expired for failure to timely comply with this provision, if the Board finds, based on a sworn affidavit(s) or other credible evidence, that the applicant has retained the professional skills required for original certification. After December 31 of the calendar year in which the certificate expired, an expired certificate shall not be subject to renewal without examination.